UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JUAN CARLOS GIL,

    Plaintiff,

v.

BOSE CORPORATION,

    Defendant

## COMPLAINT

COMES NOW Plaintiff, Juan Carlos Gil, by and through his undersigned counsel, hereby files this Complaint and sues Defendant Bose Corporation for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36 and alleges as follows:

### INTRODUCTORY STATEMENT

1.    Plaintiff Juan Carlos Gil brings this action in Federal Court to stop the marginalization of blind, vision impaired, and low vision patrons of Defendant Bose Corporation's website (which is an extension of its retail stores, factory outlets, and kiosks) throughout the United States of America, where the groundbreaking "American with Disabilities Act" has been the law of the land for over twenty-six years.

1

2. In a world of increasing number of low vision and blind individuals that is expected to double by 2050, it is essential that low vision and blind individuals are not excluded from society and segregated in area of web commerce.

3. This case arises out the fact that Defendant Bose Corporation has operated its business in a manner and way that completely excludes individuals with disabilities who are visually impaired from enjoying and visiting their place of public accommodation, namely the Defendant's website www.bose.com.

4. Defendant Bose Corporation (also referenced as "Defendant") owns and operates places of public accommodation which are retail stores specializing in state-of-the-art audio equipment under the brand name "Bose." Bose retail stores, factory outlets, and airport kiosks offer for sale to the general home audio systems, speakers, noise cancelling headphones, professional audio systems, and automobile sound systems. Heretofore, referenced as "Bose brand merchandise" and/or audio equipment.

5. The Defendant offers an adjunct website www.bose.com ("website") which is directly connected to its Bose retail stores, factory outlets, and airport kiosks (also referenced as "sales locations") since the website provides a site locator to the Defendant's Bose physical sales locations (places of public accommodation). Thus, www.bose.com ("website") has a true nexus to the Defendant's Bose sales locations.

6. This is an action to put an end to civil rights violations committed by Defendant Bose Corporation against individuals with disabilities who are visually impaired and who cannot access and comprehend the internet and the websites that operate therein without the aid of assistive technology.

## **JURISDICTION & VENUE**

7. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, and 28 C.F.R. § 36.201.

8. This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for services to order Bose merchandise online.

9. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant resides in this District, the Defendant transacts business in this District, and the acts constituting the violation of the ADA occurred in this District.

10. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§s 2201 and 2202.

## **THE PARTIES**

**Juan Carlos Gil**

11. Plaintiff Juan Carlos Gil (also referenced as "Plaintiff") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

12. Plaintiff Juan Carlos Gil suffers from what constitutes a "qualified disability" under the ADA. Plaintiff Juan Carlos Gil suffers from cerebral palsy and optic nerve damage; as such, he is legally blind. Plaintiff Juan Carlos Gil is substantially limited in performing one or more major life activities as he cannot accurately visualize his world and is confined to a wheelchair for mobility. The Plaintiff's disability is defined in 42 U.S.C. §12012 (1)(A) and in 42 U.S.C. 3602, §802(h).

**Bose Corporation**

13. Defendant Bose Corporation (also referenced as Defendant) is the owner and operator of a chain of retail stores, factory outlets, and airport kiosks under the brand name "Bose."

14. Bose Corporation is a privately held corporation which specializes in audio equipment. The Defendant does extensive research into design and sound, and design and manufacturers state-of-the-art sound systems and sound equipment (such as its noise canceling headphones). The Bose brand is known for its innovation and invention in the audio arena and the corporation holds many patents for its innovative designs and inventions. Unlike other high-end sound systems which separate processing and amplification into separate components, Bose strives to combine processing and amplification into a single audio unit, thus making Bose merchandise generally simpler and more consumer friendly. Bose Corporation is known for being very protective of its patents, trademarks and brands.

15. The Bose Corporation also designs professional audio systems for stadiums, houses of worship, performing arts theaters, and auditoriums.

16. Defendant Bose Corporation is authorized to conduct business within the state of Florida as a foreign for profit corporation, and is conducting, business within the within the jurisdiction of this court by virtue of the fact that several of its sales establishments are located in the district and its website is available to the general public within this district and the acts constituting the violation of the ADA occurred in this District.

**FACTS**

17.     The Defendant is defined as a "public accommodation" because it is an entity which owns and operates a chain of retail stores, factory outlets, and airport kiosks under the brand name "Bose," each of which is a "Place of Public Accommodation" which is defined as "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104. (2). Each of the Defendant's Bose sales establishments are a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. Part 36. The Defendant's Bose retail stores, factory outlets, and airport kiosks are also referenced throughout as "place(s) of public accommodation," "Bose sales establishments," or "Bose retail stores."

18.     The Defendant's website www.bose.com ("website") is offered to provide the general public information including but not limited to information on the various locations of the Defendant's Bose retail stores throughout the United States and within the state of Florida.

19.     The Defendant owns and operates one hundred twenty-six Bose retail stores, factory outlets, and airport kiosks throughout the United States. The Defendant's website www.bose.com services the various Bose locations represented by its physical sales locations.

20.     Since the Defendant's website allows the general public the ability to locate one of the many Bose retail stores, factory outlets, and airport kiosk locations, the website is an extension of the physical Bose sales locations.   Therefore, the website has a direct nexus between the website and the Defendant's Bose retail stores, factory outlets,

and airport kiosks, hence the website is also characterized as a place of public accommodation; 42 U.S.C. § 12181(7)(E).

21.     The website also allows the general public access to purchase online a wide range of Bose brand merchandise. As such, the website is a sales establishment, which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(E) and must comply with the ADA. This means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public. As such, the Defendant has subjected itself and the website it has created and maintains, to the Americans with Disabilities Act ("ADA").[1]

22.     Plaintiff Juan Carlos Gil is a customer who is interested in purchasing Bose brand merchandise which is offered through the Defendant's Bose retail stores, factory outlets, and airport kiosks and through its website www.bose.com.

23.     Plaintiff Juan Carlos Gil frequently utilizes the internet. In order to comprehend  information available on the internet and access/comprehend websites, Plaintiff Juan Carlos Gil uses commercially available screen reader software to interface with the various websites.

24.     In order to comprehend the Defendant's website and to become informed of the Defendant's Bose brand merchandise (which other members of the general public may order online), Plaintiff Juan Carlos Gil must use screen reader software.

---

[1] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

25. Buying and ordering audio equipment (including headphones) sold online and having those purchases delivered to one's home is a highly sought after accommodation that helps improve the lives of vision impaired people such as the Plaintiff (and thousands of others like him), and helps them integrate and participate in society.

26. Like most of us, Plaintiff Juan Carlos Gil accesses several website at a time to compares goods and prices.

27. Plaintiff Juan Carlos Gil is interested in purchasing Bose brand audio products. Plaintiff Juan Carlos Gil had heard about the Bose outlet store at Dolphin Mall, Miami, Florida and decided to shop online to learn about the Bose brand merchandise through its website, www.bose.com.

28. During the month of July, 2016, the Plaintiff attempted on several occasions to utilize the Defendant's website to browse through the merchandise with the intent of purchasing Bose brand audio equipment. The Plaintiff utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which is the most popular screen reader software utilized worldwide as it allows individuals who are visually impaired to comprehend information available on the internet and access websites.

29. However, the Defendant's website did not integrate with Plaintiff's screen reader software, nor was there any function within Defendant's website to permit access for visually impaired through other means.

30. The Plaintiff attempted to locate any *Accessibility Notice* or any information relating to the website's future accessibility plans or information regarding

contacting the Defendant to alert the Defendant to the inaccessibility of its website www.bose.com, but was unable to do so, because no such link or notice was provided[2].

31.     The fact that Plaintiff Juan Carlos Gil could not access the Defendant's www.bose.com website, he felt as if another door had been slammed in his face, as he is/was unable to participate in the shopping experience online at the www.bose.com website as experienced by the general public, 26 years after the Title III of the ADA was enacted and which promised to remove such barriers.

32.     Plaintiff Juan Carlos Gil continues to desire to patronize the Defendant's website, but is unable to do so as he is unable to utilize the Defendant's website, thus he will continue to suffer irreparable injury from the Defendant's intentional acts, policies, and practices set forth herein unless enjoined by this Court.  The Plaintiff is effectively excluded from purchasing Bose brand audio merchandise online

33.     The Defendant's website did\does not offer an adequate system to permit a disabled person with a visual impairment (who requires screen reader software) to comprehend its website in an effective manner.

34.     The Defendant's website is\was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

35.     The Defendant's website is\was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the website

---

[2] Other online retailers have taken steps to notice and inform disabled users of their website programming plans and have direct email / toll free numbers to enable contact with the retailer e.g.
http://www.starbucks.com/about-us/company-information/online-policies/web-accessibility
http://www.tiffany.com/Service/Accessibility.aspx?isMenu=1&
http://www.potbelly.com/Company/Accessibility.aspx

contains barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

36. On information and belief, the Defendant has not initiated a Web Accessibility Policy to insure full and equal use of the Bose website by individuals with disabilities.

37. On information and belief, the Defendant has not instituted a Web Accessibility Committee to insure full and equal use of its website by individuals with disabilities.

38. On information and belief, the Defendant has not designated an employee as a Web Accessibility Coordinator to insure full and equal use of its website by individuals with disabilities.

39. On information and belief, the Defendant has not instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

40. On information and belief, the Defendant has not instituted a User Accessibility Testing Group to insure full and equal use of its website by individuals with disabilities.

41. On information and belief, the Defendant has not instituted a Bug Fix Priority Policy.

42. On information and belief, the Defendant has not instituted an Automated Web Accessibility Testing program.

43. On information and belief, the Defendant has not created and instituted a Specialized Customer Assistance line, nor service, or email contact mode for customer assistance for the visually impaired.

44. On information and belief, the Defendant has not created and instituted on its website a page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how the Defendant will have its website, Applications, and Digital Assets accessible to the visually impaired community.

45. On information and belief, the Defendant's website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[3].

46. On information and belief, the Defendant does not have a Web Accessibility Policy.

47. On information and belief, the Defendant has not disclosed to the public any intended changes, audits, or involved lawsuits to correct the inaccessibility of their website vis-a-vis disabled individuals who are visually impaired who want the safety and privacy of purchasing products online from their homes like other Americans.

48. Thus, the Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages and accommodations provided by and through its website www.bose.com.

49. Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services and sales policies and procedures.

---

[3] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

50. Public Accommodations that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

51. For many individuals with disabilities who are limited in their ability to travel outside their home, the internet is one of the few available means of access to the goods and services in our society with safety and in dealing with terms of their disability.

52. The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet websites, such as the Defendant's website, where they have a direct connection.

53. On information and belief, the Defendant is aware of these common access barriers within its website which prevent individuals with disabilities who are visually impaired from the means to comprehend its website to become informed of its Bose brand merchandise available in its various retail stores, factory outlets, and airport kiosk locations and available for purchase online.

54. On information and belief, the Defendant is aware of need to provide full access to all visitors of the Website.[4]

55. Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

56. Such barriers result in punishment and isolation of blind and low vision from the rest of society.

---

[4] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g (www.internetretailer.com/2016/04/01/web-accessibility-what-e-retailers-need-know) (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance)

11

57. Thus, the Defendant has refused to make its website accessible to individuals with disabilities who are visually impaired.

58. According to Statistic Brain Research Institute[5], in 2014, online sales in the United States exceeded $304 Billion U.S. Dollars. On average, 87% of Americans that have browsed online stores such as www.bose.com and have made an internet purchase, while 57% of Americans that have browsed online stores have made a purchase multiple times.

59. According to the National Federation for the Blind[6], there are 6,670,300 Americans with visual disabilities.

60. The National Federation for the Blind has also reported that there are 434,600 Americans with visual disabilities living within the state of Florida.

61. The Defendant has failed to provide any mechanism by which to adequately serve visually impaired individuals such as the Plaintiff. The Defendant is operating in violation of Plaintiff Juan Carlos Gil's rights as protected by the ADA and is entitled to injunctive relief. 42 U.S.C. §12188.

62. Plaintiff Juan Carlos Gil has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from the Defendant's unlawful and discriminatory practices.

---

[5] US Commerce Department, Forrester Research date: October 9, 2014, See http://www.statisticbrain.com/total-online-sales/
[6] Statistics for 2012, see http://www.NFB.org/blindness-statistics

63. Plaintiff Juan Carlos Gil and others will continue to suffer irreparable injury from Defendant's intentional acts, policies, and practices set forth herein unless enjoined by the court.

64. Notice to the Defendants is not required as a result of the Defendant's failure to cure the violations. Enforcement of the Plaintiff's rights is right and just pursuant to 28 U.S.C. §§s 2201, 2202.

65. The Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

66. Plaintiff Juan Carlos Gil re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-65 above.

67. The Department of Justice has long taken the position that both State and local government websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities[7].

68. As a result of the inaccessibility of the Defendant's website and by the barriers to access in its website (when removal of those barriers is readily achievable), the Defendant has denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that the Defendant has made available to

---

[7] See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

13

the general public on its website www.bose.com, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

69.     Pursuant to 42 U.S.C. §12181(7)(E), www.bose.com (the Defendant's website) is a *place of public accommodation* under the ADA because it serves to augment its chain of Bose retail stores, factory outlets, and airport kiosks by providing the general public information on the various locations of the Defendant's chain of Bose stores and educate the general public as to the line of Bose brand merchandise and also to provide the general public with the ability to purchase Bose brand merchandise online.

70.     As such, the Defendant's website must be in compliance with the ADA. However, the Defendant's website is\was not in compliance with the ADA.  Plaintiff Juan Carlos Gil has suffered an injury in fact because of the website's (and Defendant's) non-compliance with the ADA.

71.     Types of website programming errors include (but are not limited to) *Programming Error Types* ("PETs"), which are easily identifiable and correctable, and *Programing Alert Error Types* ("PATs"), which are prone to making the website inaccessible.

72.     A sampling review of just part of the Defendant's website revealed that the website is not functional for users who are visually impaired.  The Defendant's website contains several types of PETs (easily identifiable and correctable), which occur throughout the website such as:

      1) The language of the document is not identified,
      2) Image alternative text is not present, and
      3) A form control does not have a corresponding label.

73. Further, the Defendant's website contains various types of PATs (prone to making the website inaccessible), which occur throughout the website, such as:

    1) Alternative text is likely insufficient or contains extraneous information,
    2) An event handler is present that may not be accessible,
    3) A heading level is skipped,
    4) Flash content is present,
    5) Adjacent links go to the same URL,
    6) A link contains no text, and
    7) Alternative text is likely insufficient or contains extraneous information.

74. More violations may be present on other pages of the website, and they will be determined and proven through the discovery process.

75. Further, the Defendant's website did\does not offer include the universal symbol for the disabled[8] which would permit disabled individuals to access the website's accessibility information and accessibility facts.

76. Therefore, due to the Plaintiff's disability and the Defendant's failure to have its website adequately accessible to individuals with visual impairments, the Plaintiff was unable to comprehend the Defendant's website.

77. The Defendant has violated the ADA (and continues to violate the ADA) by denying access to www.bose.com to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites. These violations within the www.bose.com website are ongoing.

---

[8] ♿▶🖥, or HTML "Accessibility" link for those individuals who are visually impaired

78. As a result of the Defendant's inadequate development and administration of www.bose.com, Plaintiff Juan Carlos Gil is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

79. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Juan Carlos Gil injunctive relief; including an order to:

   a) Require Defendant Bose Corporation to adopt and implement a web accessibility policy to make publically available and directly link from the homepage of www.bose.com to a statement as to Bose Corporation's policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its website, and

   b) Require Defendant Bose Corporation to cease and desist discriminatory practices and if necessary to cease and desist operations of the website known as www.bose.com until the requisite modifications are made such that its website becomes equally accessible to persons with disabilities.

80. Plaintiff Juan Carlos Gil has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff Juan Carlos Gil is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Bose Corporation.

   WHEREFORE, Plaintiff Juan Carlos Gil hereby demands judgment against Defendant Bose Corporation and request the following injunctive and declaratory relief:

   a) The Court to declare the Terms of Service ("Privacy Policy") as delineated on the website www.bose.com null and void and rescinded and not applicable to the Plaintiff, due to the inaccessibility of the website for

        visually impaired individuals such as the Plaintiff who have no means to comprehend said Terms of Service;

b)     The Court to declare that the privacy rights of the Plaintiff have been violated by the unwarranted and unauthorized software and analytics that have been placed on Plaintiff's computer without his consent;

c)     The Court issue a declaratory judgment that Defendant Bose Corporation has violated the Plaintiff's rights as guaranteed by the ADA;

d)     The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant Bose Corporation from operating its website www.bose.com without adequate accommodation for the visually impaired community;

e)     The Court enter an Order requiring Defendant Bose Corporation to update website to remove barriers in order that individuals with visual disabilities can access the website to the full extent required by the Title III of the ADA;

f)     The Court enter an Order requiring Defendant Bose Corporation to clearly display the universal disabled logo[9] within its website, wherein the logo would lead to a page which would state Bose Corporation's accessibility information, facts, policies, and accommodations. Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of website www.bose.com;

---

9 

g)  The Court enter an order requiring Defendant Bose Corporation to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

h)  The Court enter an Order directing Defendant Bose Corporation to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the website known as www.bose.com.

i)  The Court enter an Order directing Defendant Bose Corporation to establish a policy of web accessibility and accessibility features for the website known as www.bose.com.

j)  The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff; and

k)  That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 26th day of July, 2016.

>   Respectfully submitted,
>
>   *s/Scott Dinin*
>   Scott R. Dinin, Esq.
>   Scott R. Dinin, P.A.
>   4200 NW 7th Avenue
>   Miami, Florida 33127
>   Tel: (786) 431-1333
>   inbox@dininlaw.com
>   *Counsel for Plaintiff*